No. 2--03--0019                                 

______________________________________________________________________________

IN THE

APPELLATE COURT OF ILLINOIS

SECOND DISTRICT

______________________________________________________________________________

In re
 ROLANDIS G.,                    )  Appeal from the Circuit Court

                   )  of Winnebago County.

a Minor      )

                           )   No. 02--JD--249

      )

(The People of the State of Illinois,      )  Honorable       

Petitioner-Appellee, v. Rolandis G.,      )  Steven M. Nash,

Respondent-Appellant).         )  Judge, Presiding.

______________________________________________________________________________

JUSTICE GROMETER delivered the opinion of the court:

Respondent, Rolandis G., was adjudicated a delinquent juvenile after the trial court found that he committed aggravated criminal sexual assault (720 ILCS 5/12--14(b)(i) (West 2002)).  Respondent appeals, contending that the trial court erred by admitting, pursuant to section 115--10 of the Code of Criminal Procedure of 1963 (725 ILCS 5/115--10 (West 2002)), out-of-court statements the seven-year-old victim made to his mother, a police detective, and a child abuse investigator.  Respondent contends that (1) the court erred in finding that the victim was "available to testify" where he answered a few preliminary questions but refused to talk about the alleged offense; (2) the State failed to introduce evidence to corroborate the out-of-court statements; and (3) under 
Crawford v. Washington
, 541 U.S. ___, 158 L. Ed. 2d 177, 124 S. Ct. 1354 (2004), section 115--10 violates the confrontation clause of the United States Constitution (U.S. const., amend. VI) to the extent that it permits introduction of a "testimonial" out-of-court statement where the accused did not have an opportunity to cross-examine the declarant.  We agree with respondent's third argument and hold that the victim's statements to the officer and the child abuse investigator were inadmissible under 
Crawford
.  However, we hold that the victim's statements to his mother were not testimonial and that the State introduced sufficient corroborating evidence to make them admissible even though the victim was unavailable to testify.  Accordingly, we reverse the delinquency adjudication and remand the cause for a new hearing.

Before the adjudicatory hearing, the State moved to admit, pursuant to section 115--10, three out-of-court statements by the victim.  The trial court stated that it would not hold a separate  hearing to decide if the statements were reliable, but would consider that issue during the trial.

The State's first witness was the alleged victim, V.J.  V.J. testified that he was seven years old, lived with his mother and two siblings in Rockford, attended school, and sometimes played outside with his neighborhood friends.  He indicated that he knew respondent, but did not respond when asked how he knew respondent or whether he played with him during the summer of 2002.  He refused to answer any more questions.

V.J.'s mother, Jacqueline M., testified that respondent used to live in her neighborhood and often visited her home.  Respondent was with V.J. on June 25, 2002, the date of the alleged assault.  On that day, V.J. left home at about 11 a.m. to play with friends.  He returned about an hour later with respondent.  Respondent left after V.J. told him he was going to stay home.  Jacqueline thought it was unusual for V.J. to stay in the house on a summer day.

After respondent left, V.J. went to the bathroom, where he was "spitting in the sink" and rinsing his mouth with water.  Jacqueline thought this was unusual, so she asked V.J. whether he was thirsty.  He responded that he was not, but that his throat was hot.  V.J. then left the bathroom, walked around the house for awhile, then returned to the bathroom and again tried to rinse out his mouth.  Jacqueline continued questioning V.J. about his unusual behavior, but he said only that his mouth was "hot."  In response to further questioning, he said that he was not going back outside.  Finally, about a minute later, V.J. said that respondent made him "suck his dick" in the woods near their home.  V.J. said that respondent threatened him with a stick but never hit him with it.  Jacqueline called the police.

Officer Robert Cure testified that he responded to Jacqueline's call and spoke to V.J.  According to Cure, V.J. told him that respondent made him perform fellatio near some bushes outside his home.  He said that respondent carried a stick, that V.J. "choked on [respondent's] dick," that some type of yellow fluid came out, and that he immediately went home to wash his mouth out.

One week after the incident, Jackie Weber from the Carrie Lynn Center, a child advocacy center, interviewed V.J.  Detective Paul Swanberg watched the interview through a two-way mirror.  Swanberg testified that V.J. told Weber that respondent had threatened him with a stick into performing fellatio while they were in the woods and that a "little pee" entered V.J.'s mouth.  According to Swanberg, V.J. told Weber that respondent made him perform fellatio twice, that respondent made V.J. "suck his nuts," and that respondent touched V.J.'s penis and buttocks.  V.J. also told Weber that he had previously engaged in similar conduct with a friend named Junior.

After a short recess, V.J. again refused to testify about the incident.  The State rested its case.  The parties then argued whether V.J.'s out-of-court statements to Jacqueline, Cure, and Weber were admissible.  Respondent argued that section 115--10 requires that, for statements to be admissible, either the declarant must be unavailable to testify or the State must introduce corroborating evidence.  Respondent contended that V.J. was unavailable because he did not testify about the alleged abuse.  The State argued that V.J. was available because he took the witness stand and gave some testimony.  The court agreed with the State and, after considering other factors affecting their reliability, ruled that all of  V.J.'s out-of-court statements were admissible.  Respondent testified and denied sexually assaulting V.J.

The court found that respondent had committed aggravated criminal sexual assault, declared him a delinquent minor, and sentenced him to five years' probation.  Respondent timely appeals.

Respondent contends that the trial court erred in finding the victim was available to testify where he gave some basic background information but did not talk about the alleged sexual assault.  He further argues that, because the victim was unavailable, the State had to introduce evidence corroborating the out-of-court statements, but did not do so.  In a supplemental brief, respondent argues that under 
Crawford
, "testimonial" out-of-court statements by an unavailable declarant may not be admitted in a criminal trial unless the declarant was subject to cross-examination when he gave the statements.  Respondent argues that section 115--10 is unconstitutional to the extent that it allows such statements to be admitted.  Because this argument is potentially dispositive, we discuss it first.

Section 115--10 provides that in a prosecution for a physical or sexual act committed against a child less than 13 years old, testimony about an out-of-court statement made by the victim concerning the offense is admissible if:

"(1) The court finds in a hearing conducted outside the presence of the jury that the time, content, and circumstances of the statement provide sufficient safeguards of reliability; and

(2) The child *** either:

(A) testifies at the proceeding; or

(B) is unavailable as a witness and there is corroborative evidence of the act

which is the subject of the statement[.]"  725 ILCS 5/115--10(b) (West 2002).

The sixth amendment provides that "[i]n all criminal prosecutions, the accused shall enjoy the right *** to be confronted with the witnesses against him."  U.S. Const., amend. VI.  In 
Crawford
, the Court held that the confrontation clause contemplates nothing less than an opportunity for cross-examination.  Accordingly, "testimonial" hearsay is inadmissible unless the declarant is shown to be unavailable and the accused had a prior opportunity for cross-examination.  
Crawford
, 541 U.S. at ___, ___, 158 L. Ed. 2d at 193, 203, 124 S. Ct. at 1364, 1374 (2004).  In so holding, the Court abrogated the holding in 
Ohio v. Roberts
, 448 U.S. 56, 65 L. Ed. 2d 597, 100 S. Ct. 2531 (1980), that an unavailable witness's statement may be admitted as long as it bears adequate indicia of reliability.  
Crawford
, 541 U.S. at ___, 158 L. Ed. 2d at 199, 124 S. Ct. at 1370.

The Court did not provide an all-inclusive definition of "testimonial," but stated that "[s]tatements taken by police officers in the course of interrogations are also testimonial under even a narrow standard."  
Crawford
, 541 U.S. at ___, 158 L. Ed. 2d at 193, 124 L. Ed. 2d at 1364.  Later, the Court stated as follows:

"We leave for another day any effort to spell out a comprehensive definition of 'testimonial.'  Whatever else the term covers, it applies at a minimum to prior testimony at a preliminary hearing, before a grand jury, or at a former trial; and to police interrogations."  
Crawford
, 541 U.S. at ___, 158 L. Ed. 2d at 203, 124 S. Ct. at 1374.

The Court also did not define "interrogation."  The statement at issue was taken from the defendant's wife at a time when she was a suspect in the case as well.  Thus, it could be argued that "interrogation" refers only to formal questioning of a suspect in custody.  See 
Miranda v. Arizona
, 

384 U.S. 436, 16 L. Ed. 2d 694, 86 S. Ct. 1602
 (1966)
.  However, 
Crawford
 made clear that it used "the term 'interrogation' in its colloquial, rather than any technical legal, sense."  
Crawford
, 541 U.S. at ___ n.4, 158 L. Ed. 2d at 194 n.4, 124 S. Ct. at 1365 n.4.  The common definition of "interrogate" is "to question formally and systematically."  Merriam-Webster's Collegiate Dictionary 611 (10th ed. 2001).

The First District recently applied 
Crawford
 in a case with nearly identical facts.  In 
In re T.T.
, No. 1--03--0551 (August 20, 2004), the nine-year-old sexual abuse victim testified about some background information, but refused to answer specific questions about the abuse.  The trial court declared her unavailable.  The court admitted, pursuant to section 115--10,  the victim's statements to a police officer and a Department of Children and Family Services (DCFS) investigator.

On appeal, the court affirmed the trial court's ruling that the witness was unavailable (
T.T.
, slip op. at 9-10), but held that, under 
Crawford
, the majority of the victim's out-of-court statements should not have been admitted (
T.T.
, slip op. at 14-15).  On the latter issue, the court noted that although 
Crawford
 did not define "testimonial," it held that the term applied " 'at a minimum to *** police interrogations.' "  
T.T.
, slip op. at 11, quoting 
Crawford
, 541 U.S. at ___, 158 L. Ed. 2d at 203, 124 S. Ct. at 1374.  Thus, the witness's statement knowingly given in response to structured police questioning in 
Crawford
 was testimonial under any conceivable definition.  
T.T.
, slip op. at 13, citing 
Crawford
, 541 U.S. at ___ n.4, 158 L. Ed. 2d at 194 n.4, 124 S. Ct. at 1365 n.4.  In light of these definitions, the 
T.T.
 court concluded that the victim's accusatory statements to the officer naming the respondent as the perpetrator qualified as testimonial.  
T.T.
, slip op. at 13.

The court also held that the victim's statements to a DCFS investigator were testimonial.  The investigator interviewed the victim, who accused the respondent of abusing her.  The court recognized that child abuse has both criminal and "social welfare" implications, so that DCFS and the State's Attorney's office may share involvement in a given case.  
T.T.
, slip op. at 14.  The court held that in the context of the confrontation clause, "where the focus is on whether the declarant is bearing witness against a criminal defendant when making a formal statement to a government officer with an eye toward prosecution," the victim's statements are testimonial.  
T.T.
, slip op. at 15.

We agree with 
T.T.
's analysis of the confrontation clause issues.  Accordingly, we are constrained to hold that V.J.'s statements to Officer Cure were testimonial.  They were the result of formal and systematic questioning by Cure, who was investigating a report of a sexual assault.  Similarly, the statements to Weber, a child advocacy worker, were testimonial.  They also came in response to formal questioning, with a police officer watching through a two-way mirror.  Needless to say, respondent did not have the opportunity to cross-examine the declarant when he gave these statements.  Accordingly, under 
Crawford
, they should not have been admitted.  To the extent section 115--10 permits the introduction of such statements, it is unconstitutional.  We note that section 115--10 tracks closely the "indicia of reliability" language from 
Ohio v. Roberts
 that 
Crawford
 repudiated.

The State contends that V.J.'s statements to Cure and Weber were not testimonial under 
Crawford
.  The State cites the Court's reference to the historical definition of "testimony" as " '[a] solemn declaration or affirmation made for the purpose of establishing or proving some fact.' "  
Crawford
, 541 U.S. at ___, 158 L. Ed. 2d at 193, 124 S. Ct. at 1364, quoting 1 N. Webster, An American Dictionary of the English Language (1828).  The State also cites the Court's statement that testimonial statements are those " 'that were made under circumstances which would lead an objective witness reasonably to believe that the statement would be available for use at a later trial.' "  
Crawford
, 541 U.S. at ___, 158 L. Ed. 2d at 193, 124 S. Ct. at 1364, quoting Brief for National Association of Criminal Defense Lawyers as 
Amici Curiae
 3.  Noting the victim's young age, the State argues that these definitions "impl[y] a thought process and level of intent that is not consistent with the statements of very young children."  We disagree.

As the State acknowledges, 
Crawford
 concludes its discussion of the definition of  "testimonial" by stating that "[w]hatever else the term covers, it applies at a  minimum to *** police interrogations."  
Crawford
, 
541 U.S. at ___, 158 L. Ed. 2d at 203, 124 S. Ct. at 1374.  It is apparent that the Court's further attempts at defining the term are meant to expand the definition of what is a testimonial statement, not to limit or qualify the specific examples given.  The phrasing of the statement the State quotes, referring to "circumstances that would lead an objective witness reasonably to believe" that the statement would later be used at a trial, show that the Court's focus was on the objective circumstances surrounding the statement, not on the declarant's subjective understanding.

Moreover, the focus of the opinion is on a defendant's right to confront the witnesses against him.  Accordingly, a defendant's confrontation right should not depend on whether the maker of an out-of-court statement subjectively understood that the statement might be used at a later trial.
(footnote: 1)  A definition of "testimonial" that turned solely on the subjective knowledge or intent of the declarant would be both unfair and unworkable.  Given that the declarant must be unavailable for the confrontation clause issue to come into play, how would the speaker's subjective understanding be determined?  Indeed, the State does not point to any specific facts to show what V.J. understood about the purpose of the interviews.  The State merely speculates about the "thought process" of young children generally.  The objective circumstances surrounding V.J.'s statements to Cure and Weber show that they were testimonial.

This does not end our inquiry, however.  Although the victim's statements to Cure and Weber should have been excluded, his statements to his mother were not testimonial.  These statements were more in the nature of a "casual remark to an acquaintance" that the Court implied would not be testimonial.  
Crawford
, 541 U.S. at ___, 158 L. Ed. 2d at 192, 124 S. Ct. at 1364.  Jacqueline merely noticed that her son was behaving strangely and attempted to ascertain what was wrong.  There is no indication that she suspected he had been the victim of a crime and that she was attempting to elicit evidence for a future prosecution.

Respondent concedes that the victim's statements to his mother were not testimonial.  He nonetheless maintains that they should have been excluded under section 115--10 because the declarant was unavailable and the State did not present corroborating evidence.  A 
decision to admit evidence under section 
115--10 will 
not be reversed unless the trial court abused its discretion.  
People v. Williams
, 193 Ill. 2d 306, 342-43 (2000).

We agree with respondent that the declarant was unavailable, even though he gave some preliminary testimony.  In 
People v. Coleman
, 205 Ill. App. 3d 567, 583 (1990), the court held that a child witness became unavailable for purposes of section 115--10 when she testified that the defendant had given her a "bad touch" but then she "froze up" and refused to discuss details of the incident.  The court stated, "Once a child witness is unable to proceed with his or her testimony, whether that point occurred prior to taking the stand or subsequently, he or she is properly considered unavailable."  
Coleman
, 205 Ill. App. 3d at 583.  A similar situation occurred in 
People v. Embry
, 249 Ill. App. 3d 750 (1993), where a young victim took the stand and answered some preliminary questions before he froze up.  The court implicitly found that the young witness was unavailable, but found that the State had introduced sufficient corroborating evidence.  
Embry
, 249 Ill. App. 3d at 760-61.

We agree with these cases.  The obvious purpose of the distinction between an available and an unavailable witness is that in the former case the defendant is able to cross-examine the witness, which is sufficient to test the reliability of the statements.  In the latter case, the defendant has no chance to cross-examine, so the State must introduce evidence to corroborate the statements in order to enhance their reliability.  From the standpoint of the defendant's ability to cross-examine the witness, it makes no difference whether he becomes "unavailable" before or after he takes the witness stand.  See 
Coleman
, 205 Ill. App. 3d at 583.  Therefore, V.J. should have been found to be unavailable after he was unable to continue his testimony.

Although V.J. was unavailable, his out-of-court statements to his mother were still admissible if the State introduced corroborating evidence.  725 ILCS 5/115--10(b) (West 2002).  We agree with the State that it did so here.

As respondent concedes, to corroborate means only " 'to add weight or credibility to a thing by additional and confirming facts or evidence' " (
People v. Alba
, 185 Ill. App. 3d 286, 290 (1989), quoting 
In re Custody of Brunken
, 139 Ill. App. 3d 232, 239 (1985)).  Thus, corroborating evidence need not prove the commission of the crime beyond a reasonable doubt or make it overwhelmingly probable; it need only "add weight or credibility" to the out-of-court statements.  Here, Jacqueline's testimony corroborated her son's account of the incident. 

Initially, Jacqueline corroborated the fact that V.J. was with respondent on the day in question.  (Respondent's testimony confirmed as much.)  Further, Jacqueline testified that immediately after parting company with respondent, V.J. behaved strangely.  He did not want to go back outside on a summer day, which was unusual.  He tried several times to rinse out his mouth and was evasive when asked to explain this conduct.  Thus, Jacqueline's testimony about her own observations corroborated V.J.'s account that respondent forced him to perform fellatio.

Respondent's argument that other possible explanations exist for Jacqueline's observations is beside the point.  The question is whether the evidence tends to corroborate V.J.'s statements.  Respondent cites no authority for the premise that the corroborating evidence must be inconsistent with any other explanation.

We find that the victim's statements to his mother were properly admitted under section 115--10 and do not raise any confrontation clause issues.  Moreover, the properly admitted evidence was sufficient to prove beyond a reasonable doubt that respondent committed the offense.  See 
People v. Taylor
, 76 Ill. 2d 289, 309 (1979).  Therefore, we reverse the delinquency adjudication and remand the cause to the circuit court of Winnebago County for a new hearing.

Reversed and remanded.

O'MALLEY, P.J., and CALLUM, J., concur.

FOOTNOTES
1:
1  
Of course, a declarant's subjective understanding might be relevant in some cases, such as where the circumstances surrounding the statement are ambiguous.  A statement made during an informal conversation with a police officer might be such a case.  However, the State does not suggest that this case presents such a situation.